FRANCIS X. HOOPER et al., Respondents, *v.* JOHN T. STORY et al., Appellants.

1. SALE — EXECUTORY CONTRACT — BREACH OF WARRANTY. Where a machine has been delivered to the vendee, under an executory contract of sale, with an express warranty of its capacity, without any agreement as to its retention or return, the vendee does not lose his right to recover damages for breach of the warranty, by retaining the machine after discovering its inefficiency, and may avail himself of that remedy, by way of counterclaim, when sued for the price.

2. MEASURE OF DAMAGES — ABSENCE OF BASIS OF DAMAGES. The measure of the vendee's damages, in such case, is the difference between the value of the machine if it had corresponded with the warranty and its actual value; and a recovery of the price by the vendor cannot be overthrown on appeal, by reason of the disallowance of the vendee's counterclaim for damages for breach of warranty, when the record discloses no proof of the actual value of the machine.

3. VALUE OF MACHINE. The mere fact that a varnishing machine, warranted to varnish a certain number of sheets of labels per day, would varnish only a certain smaller number, does not furnish a basis for fixing the actual value of the machine as compared with the contract price.

4. NECESSITY OF PROOF OF DIFFERENCE IN VALUES. Where, in an action involving a claim by the vendee for damages for breach of warranty on the sale of a machine, a referee or jury would not be able to determine the difference between the contract price and the actual value in the absence of data furnished by witnesses competent to testify upon the subject, the vendee is bound to give that evidence.

5. FINDINGS. A claim by the vendee of a machine, for damages for breach of the vendor's warranty of the capacity of the machine, is not aided, on appeal, by findings that he paid out certain sums for repairs on the machine and for work spoiled, where the record does not show that such items were attributable to the breach of warranty.

*Hooper* v. *Story*, 79 Hun, 53, affirmed.

(Submitted January 28, 1898; decided March 1, 1898.)

APPEAL from a judgment of the late General Term of the Supreme Court in the fifth judicial department, entered July 25, 1894, affirming a judgment in favor of plaintiffs entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*W. H. Whiting* for appellants. The conclusions of law of the referee are not sustained in one single particular by the findings of fact. (*Stoddard* v. *Whiting*, 46 N. Y. 627; *R. L. Co.* v. *S. & P. P. Co.*, 135 N. Y. 209.) The decision of the General Term affirming the judgment of the referee was erroneous, and was made upon an imperfect consideration of the facts found by the referee. (*Wakeman* v. *W. & W. Mfg. Co.*, 101 N. Y. 205.) The referee erroneously decided that defendants, by retaining possession of the machine, using the same and deriving profit therefrom, with knowledge of its imper-

fections and incapacity, as well as making repairs and alterations thereon, accepted the machine and became liable to pay therefor. (*Wakeman* v. *W. & W. Mfg. Co.*, 101 N. Y. 205; *Swain* v. *Schieffelin*, 134 N. Y. 471.) Where there is a breach of warranty as to the fitness or quality of an article, the goods cannot be returned, but the remedy is by action for damages, the measure of which is the difference between the value of the article as it is and as it was represented to be. (Story on Cont. § 1101; Sedg. on Dam. § 767; *Muller* v. *Eno*, 14 N. Y. 597; *Day* v. *Pool*, 52 N. Y. 416; *Parks* v. *M. A. & T. Co.*, 54 N. Y. 586; *Dounce* v. *Dow*, 57 N. Y. 16; *Zabriskie* v. *C. V. R. R. Co.*, 131 N. Y. 72; *F. C. Co.* v. *Metzger*, 118 N. Y. 266.) The defendant is entitled to counterclaim the damages for breach of warranty in an action for the price of the thing warranted. (*Muller* v. *Eno*, 14 N. Y. 597; *Dounce* v. *Dow*, 57 N. Y. 16; *Zabriskie* v. *C. V. R. R. Co.*, 131 N. Y. 72.) In an action against a manufacturer for a breach of warranty upon a sale of goods, which he knew at the time of the sale were intended to be used for a particular purpose, the measure of damages is not limited to the difference in value of the goods as warranted, and as they proved to be, as in cases where like articles are sold as merchandise for general purposes; but profits lost and expenses incurred, because of the breach, may be recovered. (*Swain* v. *Schieffelin*, 134 N. Y. 471; *Wakeman* v. *W. & W. M. Co.*, 101 N. Y. 205.)

*L. M. Cummings* for respondents. No evidence being given by way of case and exceptions, the only question which can be properly raised must be upon the report of the referee. His findings of fact fully justify his conclusions of law. (*Brown* v. *Foster*, 108 N. Y. 387; *E. S. P. Co.* v. *Inman*, 36 N. Y. S. R. 111; *Wood* v. *Carleton*, 25 N. Y. S. R. 172; *Cassidy* v. *La Fevre*, 45 N. Y. 562; *Gallagher* v. *Waring*, 9 Wend. 20; *Hargous* v. *Stone*, 5 N. Y. 86; *Wood M. & R. Co.* v. *Thayer*, 50 Hun, 516; 2 Benj. on Sales, 809–865; *Hoe* v. *Sanborn*, 21 N. Y. 555; *Howard* v. *Hoey*, 23 Wend. 350; *Norton* v. *Dreyfuss*, 106 N. Y. 90.)

Gray, J.   This action was brought to recover the purchase price of a varnishing machine, made by the plaintiffs for, and delivered to, the defendants.   The defendants, in their answer, allege a warranty and representation on the part of the plaintiffs with respect to the machine and set up a counterclaim for damages resulting from the failure of the machine to conform to the warranty.   The alleged warranty was that the machine should be of a capacity sufficient to varnish 10,000 sheets of labels or advertisements per day and that it should be complete in all its parts, and be made in a good, substantial and workmanlike manner.   The trial was had before a referee, who reported in favor of the plaintiffs, and, upon appeal from the judgment entered on the report of the referee to the General Term of the Supreme Court, in the fifth department, the judgment was there affirmed.   The record contains none of the evidence and the review of the case is confined to the correctness of the legal conclusions reached by the referee upon the facts as found by him.

The referee found the express warranty as to the capacity of the machine and as to its fitness for use by the defendants, and found that there was a breach of the warranty, in that the machine delivered was not of the capacity agreed upon and was not perfect and complete in all its parts, or made in a good, substantial and workmanlike manner.   As a conclusion of law, he found that the defendants, because they retained possession of the machine, using it and deriving profit therefrom, with knowledge of its imperfections and incapacity, had accepted it and had become liable to pay therefor.   The General Term, in the opinion delivered upon the affirmance of the judgment, did not agree with the referee in his legal conclusion, but held that, in the condition of the record, the judgment upon the referee's report must, nevertheless, be affirmed.   It was held that the express warranty survived the acceptance of the machine and that the liability of the plaintiffs for damages was the difference in the value of the machine as it was and the value which it would have had if in accordance with the warranty ; but, as there was no finding

upon the subject of the actual value of the machine and as no
other basis of estimating damages appeared by the facts as
found, there could be no inferences other than such as arose
from the facts as found, and the judgment must, therefore,
stand.

The General Term has laid down the correct rule in this
case. The plaintiffs' contract was executory, and upon the
delivery of the machine it was not necessary, if it proved not
to satisfy the agreement of warranty, that the defendants
should return it. They had the right to rely upon the agree-
ment of the plaintiffs and, upon discovering the breach on
their part, to recover damages therefor. The measure of
those damages would be the difference between the value of
the machine if it had corresponded with the warranty and its
actual value. (*Muller* v. *Eno*, 14 N. Y. 597; *Parks* v.
*Morris, etc., Co.*, 54 N. Y. 586.) This is the well-settled rule
and the defendants had the right to avail themselves of their
remedy under the plaintiffs' agreement of warranty, by way
of counterclaim when sued for the price. But they were
bound to give evidence of the actual value of the machine and
that is their difficulty in the case as presented by this record.

There was no finding as to the value of the machine which
was delivered; and there appears to have been no request to
find that value. Hence, there was nothing in the record to
establish a basis for the recovery of those damages to which,
under the rule, the defendants might have been entitled.

It is argued by the appellants that because the machine
would varnish only 6,000 sheets a day, whereas it was war-
ranted to varnish 10,000, its value might be fixed at six-tenths
of the contract price. That, however, would be pure specula-
tion, in the absence of any evidence going to show that the
value of such a machine is in proportion to its capacity for
varnishing sheets. It may or may not be true; but there is
no way of ascertaining the truth without the aid of evidence.
It was a case, where, in the absence of data furnished by wit-
nesses competent to testify upon the subject, a referee or jury
would not be able to determine the difference in value. The

defendants were bound to give that evidence.    If it was given,
there should be a finding.

· Nor do the findings of the referee that the defendants paid
out, for repairs on the machine and for work spoiled, certain
sums of money, help out the appellants' case.    When, or for
what cause, moneys were paid for repairs the record does not
inform us ; whereas we do know by a finding that all the work
spoiled occurred more than three years after the machine was
delivered.    Whether the items of spoiled work, or of moneys
paid out for repairs, were attributable to the plaintiffs' breach
of warranty does not appear.    We do not know, and we can-
not suppose, that these payments of moneys had anything to
do with the non-conformity to the agreement, or the difference
in size of the machine as furnished.    To the contrary, we see
that the referee refused to find, when requested by the defend-
ants, that the amount of money paid out for work spoiled was
by reason of the imperfect construction of the machine ; or that
the defendants had expended large sums of money in getting
the machine to operate at all.    The defendants' claim for dam-
ages rests solely upon the breach of the warranty accompany-
ing the contract to make a particular machine.    The referee,
also, has denied their request to find that the amount of their
profits would have been greater had the machine been as war-
ranted.    His conclusion of law that the defendants had failed
to show any legal claims for damages in this action must, there-
fore, be accepted as true and I see no way by which the Gen-
eral Term could have come to a different conclusion than the
one they reached and which led to their affirmance of the judg-
ment below.

The judgment should be affirmed, with costs.

All concur, except HAIGHT, J., not sitting.

Judgment affirmed.