TANSLEY v. HIGGINS et al.

(Supreme Court, Appellate Term. June 23, 1904.)

1. SALES—WARRANTIES—ACCEPTANCE.
   Where a machine was sold upon an express warranty that it would perform certain work, the warranty survived acceptance of the machine.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Charles W. Tansley against William H. Higgins and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

A. T. Stoutenburgh, for appellants.

Isidore Hershfield, for respondent.

FREEDMAN, P. J. The evidence in this case clearly establishes that the machine sold the defendants, the balance of the purchase price for which this plaintiff recovered a judgment in this action, was sold· upon an express warranty that it would perform certain work. Whether or not the machine could do the work which it was expressly guarantied by the plaintiff it would do, could not be ascertained until after a trial of said machine by the defendants. In such a case the warranty survives acceptance. Parks v. Morris Ax & Tool Co., 54 N. Y. 586; Hooper v. Story, 155 N. Y. 171, 49 N. E. 773. Upon the question of fact as to whether or not the machine complied with the terms of the warranty, the testimony largely preponderates in favor of the contention of the defendants, and the judgment in favor of the plaintiff was clearly against the weight of evidence.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event. All concur.