to reduce the amount of the judgment to the sum of $300 and appropriate costs in the court below, in which event the judgment, as so modified, will be affirmed, without costs to either party of this appeal.

MacLEAN, J. (dissenting). In view of the divergence of the testimony of the plaintiff and that of his witnesses, and of his sworn statement in his particulars and upon the stand, relative to the number of the car and the employés in charge, as well as for excessive damages, the judgment rendered herein in favor of the plaintiff should, in the interest of justice and in keeping with the remarks of the court in Streicher v. Third Ave. R. R. Co., 39 App. Div. 658, 57 N. Y. Supp. 716, be set aside, and a new trial ordered. Judgment reversed and new trial ordered, with costs to the appellant to abide the event.

---

STAPE, Appellant, v. DANIHY, Respondent. (Supreme Court, Appellate Division, Fourth Department. May 23, 1905.) Action by Edward J. Stape against Maurice F. Danihy, as executor, etc. No opinion. Judgment affirmed, with costs.

---

STEPHENS, Respondent, v. KAISER, Appellant. (Supreme Court, Appellate Division, Fourth Department. May 23, 1905.) Action by Amelia W. Stephens against Joseph H. Kaiser.

PER CURIAM. Order affirmed, with $10 costs and disbursements.

STOVER, J., not voting.

---

STRINGER, Appellant, v. CHAMPLAIN BRICK CO. OF MECHANICVILLE, Respondent. (Supreme Court, Appellate Division, Third Department. May 23, 1905.) Action by William Stringer against the Champlain Brick Company of Mechanicville.

· PER CURIAM. Order affirmed, with $10 costs and disbursements.

CHASE, J., dissenting.

---

STUMP, Respondent, v. BUTTERFIELD, Appellant. (Supreme Court, Appellate Division, Second Department. June 9, 1905.) Action by Herman Stump against Julia L. Butterfield, as executrix, etc. No opinion. Judgment and order unanimously affirmed, with costs.

---

In re SULLESTAD'S WILL. (Supreme Court, Appellate Division, Fourth Department. May 23, 1905.) In the matter of the probate of the will of Caroline Sullestad, deceased.

PER CURIAM. Motion to dismiss appeal granted, unless the appellant, within 60 days from the date of service of a copy of the order entered hereon, together with notice of entry thereof, file and serve the printed papers on appeal as required by rule 41, and perfect the appeal herein by serving notices thereof on Amelia Larson, Christina Johnson, and Karl Lind, respondents and next of kin, as provided

upon the settlement of the order herein, leave to so perfect which said appeal being hereby granted. The form of the order and the manner and time of making such service, to be settled by and before Mr. Justice McLENNAN on two days' notice.

---

SUNDHEIMER, Respondent, v. CITY OF NEW YORK, Appellant. (Supreme Court, Appellate Division, First Department. June 9, 1905.) Action by Henry Sundheimer against the city of New York. T. Farley, for appellant. A. Van Wyck, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. See 79 N. Y. Supp. 278.

---

SUNDHEIMER v. CITY OF NEW YORK. (Supreme Court, Appellate Division, First Department. June 26, 1905.) Action by Henry Sundheimer against the city of New York. No opinion. Motion granted. Question certified as in memorandum per curiam.

---

TANSLEY, Respondent, v. HIGGINS et al., Appellants. (Supreme Court, Appellate Term. June 26, 1905.) Appeal from Municipal Court, Borough of Manhattan, Thirteenth District. Action by Charles W. Tansley against William A. Higgins and another. From a judgment in favor of plaintiff, defendants appeal. Reversed. A. T. Stoutenburg, for appellants. Isidore Hershfield, for respondent.

PER CURIAM. The case for the plaintiff is no stronger than that which was considered upon the former appeal. 88 N. Y. Supp. 1005. As the judgment then was clearly against the evidence, so is the verdict and judgment now. The same considerations which called for the reversal of the former judgment equally call for a reversal of this judgment. Judgment reversed, and new trial granted, with costs to appellants to abide the event.

---

TAYLOR, Respondent, v. TAYLOR, Appellant. (Supreme Court, Appellate Division, Fourth Department. May 17, 1905.) Action by Fred A. Taylor, as administrator, etc., against George Taylor.

PER CURIAM. Judgment affirmed, with costs.

STOVER, J., not voting.

---

In re TAYLOR'S ESTATE. (Supreme Court, Appellate Division, Fourth Department. May 23, 1905.) In the matter of the disposition of real property of Henry Taylor, deceased, for the payment of debts and funeral expenses.

PER CURIAM. Decree modified in accordance with the holding of this court, and, as modified, affirmed, with costs. Held, that the agreement of June 29, 1885, bound the representatives of Henry Taylor, deceased; that a sale of 40 acres to pay debts will be a sale for the use of the said Henry Taylor's representatives, and upon such sale Dwight A. Taylor