## EDWARDS v. KING.

No. 649.    Opinion Filed November 16, 1910.

1.    **LANDLORD AND TENANT—Liens for Rent.**   The lien the statute creates (Mansfield's Dig., sec. 4453) for the payment of rent rises only from the relation of landlord and tenant.

2.    **APPEAL AND ERROR—Sufficiency of Evidence.**   Where a finding of fact by the trial court is not reasonably supported by the evidence, a judgment rendered thereon will be reversed on appeal.

(Syllabus by the Court.)

*Error from Pontotoc County Court; Joel Terrell, Judge.*

Action by R. F. King against W. W. Edwards. Judgment for plaintiff, and defendant brings error. Reversed.

*B. H. Epperson* and *J. E. Grigsby,* for plaintiff in error.

TURNER, J.   On October 9, 1907, R. F. King, defendant in error, as plaintiff, sued W. W. Edwards, plaintiff in error,

before a United States commissioner at Ada for $250 rent due and to enforce his lien as landlord by attachment (alleging statutory grounds, Mansfield's Dig., sec. 4459) on the crops grown by defendant that year on certain lands alleged to have been rented by plaintiff to defendant. After answer filed, in effect, a general denial, and controverting affidavit, and that defendant was holding under a five-year lease from one Henry Shields, which latter allegation was stricken, the cause was, by consent, transferred to the county court of Pontotoc county, where, after trial to the court, which resulted in judgment for plaintiff for $89 and costs, defendant brings the case here and assigns for error that the judgment is contrary to law, in that the evidence fails to prove the relation of landlord and tenant between plaintiff and defendant. This relation must exist or this suit must fall. (Mansfield's Dig., sec. 4459; *Collins v. Wigham,* 58 Ala. 438).

The evidence discloses that, prior to the allotment of one Johnson Gift on the lands in question, defendant was in possession thereof, claiming the right thereto under a five-year lease from one Henry Shields, dated March 17, 1906; that, after allotment, on June 18, 1906, Gift died indebted to plaintiff, who qualified as his administrator and also as guardian for his two minor children. That, as such guardian, under proper order of the court, he sold said land, the father and mother of said Gift conveying to the purchaser about the same time their interest therein; that, by parol agreement with the purchaser, in payment of his debt, plaintiff reserved the right to rent the land for the year 1907; that defendant, being in possession thereof under his lease, continued to hold, and, so far as the record discloses, in no wise agreed to attorn to plaintiff. There was some conversation between plaintiff and defendant and Doctor Eby, to whom plaintiff sent defendant with reference thereto, but the most plaintiff claims is that he thought defendant "would do the right thing." In striking that part of defendant's answer setting up his lease from Shields and excluding evidence in support thereof, we think the court erred, and there being no evidence reasonably tending to support the finding

of the court that the relation of landlord and tenant existed, the attachment must fall and this suit be dismissed at the cost of defendant in error, who has not seen fit to favor us with a brief in this case.  It is so ordered.

All the Justices concur.