## SPAULDING MFG. CO. v. HOLIDAY.

No. 1815.   Opinion Filed May 14, 1912.

(124 Pac. 35.)

1. **SALES—Action for Price—Breach of Warranty.** In a suit on a note for the purchase price of personal property, where the maker of the note pleads as a defense a breach of warranty as to quality, the measure of damages for the breach is the difference between the value of the article as it was warranted to be and its actual value; and in such case the burden is upon the defendant to prove the breach of the warranty and the amount of the damages.

2. **APPEAL AND ERROR — Review — Sufficiency of Evidence.** A verdict based upon conjecture, and not upon evidence, should be set aside.

3. **SALES—Breach of Warranty—Offer to Return.** Where a purchaser kept and used a buggy continually for nearly, or quite, a year, and then offered to return it, because it was not as represented, the offer to return was too late; and the delay in offering to return was unreasonable as a matter of law.

(Syllabus by Rosser, C.)

*Error from Stephens County Court;*
*W. H. Admire, Judge.*

Action by the Spaulding Manufacturing Company against S. N. Holiday. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*E. E. Morris,* for plaintiff in error.

*Gilbert & Bond,* for defendant in error.

Opinion by ROSSER, C.   This is a suit by the Spaulding Manufacturing Company against S. N. Holiday upon a note

given for part of the purchase price of a buggy sold by plaintiff to the defendant. The petition was in the ordinary form, and also asked for the foreclosure of a lien on the buggy for the purchase price. The defendant in his answer admitted the execution of the note, but as a defense pleaded "that at the time of the purchase of said buggy the plaintiff represented to the defendant that said buggy was of the best material to be obtained, and contained first-class material, and that the workmanship contained in said buggy was first class in every respect, and they agreed that if said buggy was not as represented they would replace the same with the class and character of buggy so represented, which representations were wholly false and fraudulent, and plaintiff well knew them so to be." The answer further alleged:

"That the buggy did not contain first-class material, and was not of first-class workmanship, but was very inferior, both in material and workmanship, and that after the defendant purchased said buggy the same began to go to pieces, in that it warped and the felloes shrunk, and various other defects occurred to make it wholly unfit for the use for which the defendant purchased said buggy. That immediately upon discovering that said buggy was of defective workmanship and material and unfit for his use the defendant made demand upon the plaintiff to comply with this warranty, as herein set out. That plaintiff has failed and refused, and wholly fails and refuses, to comply with the terms of this oral warranty, as hereinbefore set out."

The note sued upon was given December 15, 1907, and the buggy was delivered to the defendant about that time. The defendant gave another note for part of the purchase price due February 15, 1908, and this note was paid about the time it was due. The defendant used the buggy from the time he received it. The side curtains furnished with the buggy did not fit, and he wrote plaintiff for more curtains. These were shipped to him February 22d. The defendant testified that said curtains shipped were without value. The defendant testified that he offered to return the buggy to plaintiff, but did not specify the time nor the terms of the offer. On the 1st of December, 1908, he wrote the plaintiff as follows:

"Gentlemen: Do you intend to make good your contract with me—case of No. 96,170 that you have received $40.00 & hold note for balance. I notice the printed form you sent me it differs somewhat from the one I have. My contract with you is that anything short of 1st class you would make good to me without trouble or expense to me & I would greatly prefer you do this & I will comply with mine as my past record in your house will show."

The defendant had some repairs made on the buggy a time or two before the trial, and paid $13 for the repairs. He did not keep the buggy in a shed, and left it out in the weather when he was not using it. The first repairs he had done on the buggy was nearly a year after he got it.

The case-made contains thirteen assignments; but it is not necessary to consider all of them.

The plaintiff requested the court to instruct the jury to return a verdict in its favor. This instruction was refused by the court, and is assigned as error. Section 2900, Comp. Laws 1909, is as follows:

"The detriment caused by the breach of the warranty of the quality of personal property is deemed to be the excess, if any, of the value which the property would have had, at the time to which the warranty referred, if it had been complied with, over its actual value at the time."

See Mechem on Sales, sec. 1843.

In this case, the defendant having admitted the making of the contract and the execution of the note, the burden was upon him to show a breach of the warranty upon the part of the plaintiff, and also the amount of his damages caused by the breach. There was no evidence whatever in the record showing the value of the buggy he was entitled to under his contract, any further than is shown by the notes which he gave for its purchase price. There was not a scintilla of evidence of any kind showing the actual value of the buggy. That it had some value cannot be doubted from the fact that the defendant had used it for more than a year prior to the trial; and that it had some value at the time of the trial must be presumed from the fact that defendant had paid $13 to have

it repaired only a short time before the trial. The evidence does not show whether it was worth more or less than the purchase price at the time it was delivered.

Matters capable of proof should not be left to conjecture. Verdicts should be based upon evidence, not upon guesswork, especially concerning things so easily capable of proof. . As there was no evidence as to the measure of damages, as prescribed in section 2900, *supra,* the defendant has failed to establish his defense; and it was error to refuse the instruction. *Hooper v. Story,* 155 N. Y. 171, 49 N. E. 773; *Osborne & Co. v. Huntington,* 37 Minn. 275, 33 N. W. 789. See. also, *Edwards v. King,* 27 Okla. 403, 112 Pac. 961; *Hassell v. Morgan,* 27 Okla. 453, 112 Pac. 969; *Terry v. Creed,* 28 Okla. 857, 115 Pac. 1022; *Howard v. Farrar,* 28 Okla. 490, 114 Pac. 695.

The court instructed the jury, over the objections of plaintiff, as to the law governing a tender or offer to return property by a buyer endeavoring to rescind a contract of sale. It is not necessary to pass on the form of the instruction. Under the evidence in the case, no instruction on the subject of tender was proper. The evidence showed that the defendant used the buggy from the time he received it. If he offered to return it at all it was not until he had used it nearly, or quite, a year; and he continued to use it right along. A tender or offer to return property must be made within a reasonable time. Ordinarily the question of what is a reasonable time is for the jury; but the delay may be so long as to be unreasonable as a matter of law. *Paige v. McMillan,* 41 Wis. 337; *Gammon v. Abrams,* 53 Wis. 323, 10 N. W. 479; *Kleeb v. Long-Bell Lbr. Co.,* 27 Wash. 648, 68 Pac. 202; *Viertel v. Smith,* 55 Mo. App. 617; *Metropolitan Rubber Co. v. Monarch Rubber Co.,* 74 Mo. App. 266; *Manley v. Crescent Novelty Mfg. Co.,* 103 Mo. App. 135, 77 S. W. 489; *Tilley v. Montelius Piano Co.,* 15 Colo. App. 204, 61 Pac. 483. An offer to return a buggy after it has had a year's hard usage, exposed to the weather, as the proof shows this one was, is too late. The delay is unreasonable as a matter of law. The time for rescission had passed. If there was a breach of war-

ranty, defendant is entitled to recover damages for that, if he can make legal proof.

The case should be reversed and remanded for a new trial. By the Court: It is so ordered.