MARY GLEASON, Respondent, v. LEBOLT & COMPANY, a New York Corporation, Appellant.

First Department, March 2, 1928.

Sales — warranty of quality — action for breach of express warranty that diamond ring purchased was perfect stone — error for court to charge that damage was difference between amount paid and amount received on resale — court should have charged rule stated in Personal Property Law, § 150, subd. 7.

In an action to recover damages for breach of an express warranty that a diamond ring purchased by the plaintiff was a perfect stone it was error for the court to charge that the measure of damages was the difference between what the plaintiff paid for what she believed to be a perfect stone and the amount she received for a stone having an imperfection in it.

The court should have charged the rule laid down in subdivision 7 of section 150 of the Personal Property Law which is that in case of a breach of warranty of quality the measure of damages, in the absence of circumstances showing a greater amount, is the difference between the value of the diamond at the time of delivery to the plaintiff and the value it would have had if it had answered the express warranty that it was a perfect stone.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 14th day of March, 1927, and from an order entered in said clerk's office on the 7th day of April, 1927.

*Herbert R. Limburg* of counsel [*Ralph K. Jacobs* and *Albert Blumenstiel* with him on the brief; *Blumenstiel & Blumenstiel*, attorneys], for the appellant.

*Harry Bijur* of counsel [*Bijur, Herts & Steinberg*, attorneys], for the respondent.

MARTIN, J. The plaintiff seeks to recover damages for an alleged breach of warranty. The claim is based on allegations that in December, 1920, plaintiff's assignor, one Florence McHenry, purchased from the defendant a ring with a marquis diamond weighing ten and fifty-two one-hundredths carats for the sum of $25,000 upon the express warranty that the said diamond was a perfect stone; that in June, 1922, she discovered that the alleged warranty was untrue and gave notice thereof to the defendant. By reason of the alleged breach of warranty, plaintiff says she was damaged to the extent of $16,000, for which amount, with interest, judgment is demanded.

On the trial the defendant was permitted to amend the answer by adding thereto as a counterclaim and setoff an unsatisfied judgment which it had recovered in 1924 against the plaintiff's assignor, said Florence McHenry, which, with accrued interest

thereon, amounted to the sum of $2,600. The jury, after deducting the amount of the counterclaim, found a verdict for the plaintiff for the sum of $5,750.

The defendant, appellant, contends that the judgment should be reversed upon the ground that the verdict was against the weight of evidence; was due to the admission of improper and irrelevant testimony which prejudiced the jury against the defendant; that the defendant was greatly prejudiced by errors in the court's charge which although partly corrected, undoubtedly confused the jurors and caused them to measure the alleged damage upon an erroneous basis, and not in accordance with the provisions of the Personal Property Law; that the verdict is excessive as the testimony, even of plaintiff's witnesses, did not warrant a finding of damage approximating the amount thereof allowed by the jury.

The complaint made by the appellant with reference to the failure of the court to charge the correct rule of damages appears to be justified.

The court first charged the jury that " The way you would discover what her damages were, and what she lost, would be to consider the amount that she paid for what she understood to be a perfect stone, and the amount that she received for a stone which had an imperfection in it. The testimony on that point is that, after an effort to secure a possible purchaser, Mr. Price was only able to get $9,000 for the diamond ring for which the plaintiff paid $25,000."

Although several propositions of law on the subject of damages were placed before the jury, the rule stated in section 150, subdivision 7, of the Personal Property Law (as added by Laws of 1911, chap. 571, known as the Sales of Goods Act), if charged, would have covered the entire subject, and probably have avoided confusion.

That section provides that " In the case of breach of warranty of quality, such loss, in the absence of special circumstances showing proximate damage of a greater amount, is the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty."

In *Miller* v. *Patch Mfg. Co.* (101 App. Div. 22, 24) the court stated that the measure of damages generally applicable in an action for breach of warranty is the difference between the actual value of the object sold, with its defects, and the value which it would have had at the time of sale if it had conformed to the warranty. (See, also, *Bruce* v. *Fiss, Doerr & Carroll Horse Co.,* 47 App. Div. 273.)

The failure to properly instruct the jury with reference to the

measure of damages renders it necessary to reverse the judgment and order a new trial.

The judgment and order should, therefore, be reversed and a new trial ordered, with costs to appellant to abide the event.

DOWLING, P. J., FINCH, MCAVOY and O'MALLEY, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event.