EDWIN T. ELLEN, Respondent, *v.* GROSVENOR HEACOCK, JR., Doing Business as UTICA UTILITIES Co., Appellant.

Fourth Department, March 25, 1936.

*Gordon Samuels,* for the appellant.

*David J. Goldstein,* for the respondent.

Edgcomb, J. In 1934, either in January or August — there being a difference of opinion as to the date — the parties to this action entered into a contract whereby the defendant agreed to install a Delco oil burner in the home of the plaintiff. The actual installation was made in the latter part of August, 1934.

Trouble with the burner was encountered at the outset. It gave off gas, smoke and disagreeable odors, which at times invaded the house.

Asserting that the equipment was sold upon an express warranty, and that there had been a breach thereof, plaintiff brought this action to recover the resulting damages. He has been awarded a verdict of $240.

The trial court left it to the jury to say whether there had been a breach of either an express or an implied warranty. This, we think, was error. There is no evidence to sustain a verdict upon either theory.

To constitute an express warranty, two elements must be present: (1) There must be either an affirmation of fact or a promise by the seller relating to the subject of the sale, the natural tendency of which was to induce the purchaser to buy the goods; (2) the buyer must rely upon such statement or promise in making the purchase. (Pers. Prop. Law, § 93; *Crocker-Wheeler Electric Co.* v. *Johns-Pratt Co.,* 29 App. Div. 300; affd., 164 N. Y. 593.)

The reader will search the record in vain for a scintilla of evidence showing that the defendant ever made any statement of fact or promise relating to this burner. We are not even informed what representations or warranties the plaintiff claims were made. If no statement or promise was ever made, it necessarily follows that there was no representation upon which the plaintiff could possibly have relied in making the purchase.

The complaint alleges that the defendant enumerated in a written specification " definite representations, warranties and guarantees * * * concerning the installation, operation, workmanship and complete satisfaction of the burning unit." No such writing is found in the record, nor has it been presented to us. Nowhere are we informed of its contents. Upon the trial a paper, referred to

as " specifications for Delco Burner," was marked Exhibit 1. When the plaintiff was asked concerning it, defendant objected upon the ground that it had not been received in evidence. It was then offered, but the court made no ruling, and the incident seems to have been closed. There could have been no possible misapprehension in the minds of the court or counsel in regard to the status of the exhibit, because later during the trial the court made the following statement: " Just so there will be no question about these exhibits, Exhibit 1 not received." The declaration of the court in his charge that Exhibit 1 was in evidence, and that the jury could consider it, was inaccurate. Of course, the jury had no right to consider anything which was not in the evidence.

It is impossible to conceive upon what theory the defendant could be held liable for a breach of an express warranty. If there is any evidence in existence tending to uphold such a claim, it certainly is not disclosed in this record.

The court also permitted the jury to find the defendant liable for a breach of an implied warranty that the machine was reasonably fit for the purpose for which it was purchased. This, too, was error.

The subject of the sale was a " Delco Oil Burner," a specified article sold under its patent or other trade name. Under such circumstances there can be no implied warranty as to its fitness for any particular purpose. (Pers. Prop. Law, § 96, subd. 4; *Bareham & McFarland, Inc.*, v. *Kane*, 228 App. Div. 396, 402; *Empire Cream Separator Co.* v. *Quinn*, 184 id. 302; *Sure Seal Co.* v. *Loeber*, 171 id. 225, 227.)

While the case was loosely tried on both sides, and but few objections were made or exceptions taken, the error of the court in sending the case to the jury is squarely raised by the exception taken to the court's denial of defendant's motion for a nonsuit made at the end of plaintiff's case, and again at the close of the evidence.

As a guide for the new trial, which we feel should be had, it may not be out of place to call attention to other errors in the record, due in part at least to the lax and inartistic manner in which the case was tried, most of which are unavailing to the appellant on this appeal because they are not covered by objection or exception.

The jury was instructed that, if they found a verdict for the plaintiff, they could assess as damages the amount which the plaintiff paid for repairs which he made to the burner in an endeavor to cure the defect, and also the cost of repainting and repapering two rooms in the house which had been soiled by smoke and soot coming from the burner.

The ordinary rule of damage in the case of a breach of warranty of quality is, in the absence of special circumstances showing proximate damage to a greater amount, the difference between the actual value of the object sold with its defects, and its value if it had conformed to the warranty. (Pers. Prop. Law, § 150, subd. 7; *Hooper* v. *Story*, 155 N. Y. 171, 175; *Mathes* v. *McCarthy*, 195 id. 40, 43; *Gleason* v. *Lebolt & Co.*, 223 App. Div. 46.)

This rule was not adopted either by the parties or by the court. Upon the record before us we think that it should have been, and that it was error to permit the jury to assess as damages the amount which the plaintiff paid various merchants whom he employed to repair the machine.

It is true that a situation might arise where it would be permissible to adopt as the measure of damages for a breach of warranty the fair and reasonable cost of repairing the article sold. (*Miller* v. *Patch Mfg. Co.*, 101 App. Div. 22.) Such a situation is not shown to exist here. It is not claimed that there was any special warranty in regard to this burner, nor is there any evidence tending to show that such damages ever entered into the contemplation of the parties in the event that the warranty was not lived up to.

When special circumstances exist which show the damage to be greater than the mere difference in value of the merchandise at the time of its delivery and what it would be, if it had been as represented, such special or consequental damage may also be recovered, if it is the proximate and direct result of the breach. A party so injured is always entitled to recover his entire loss, provided that it naturally and directly results, in the ordinary course of events, from the breach. (Pers. Prop. Law, § 150, subd. 6.)

If merchandise is represented to be suitable for some particular purpose, the vendee may, if the warranty is breached, recover such damages as he has suffered in an attempt to use it for that purpose. (*Wood* v. *Anthony & Co.*, 79 App. Div. 111, 113, and cases there cited; *Bruce* v. *Fiss, Doerr & Carroll Horse Co.*, 47 id. 273, 274, and cases there cited.)

Under the above rule any damages to the interior of the house, which were occasioned by the use of this burner, and which were the immediate and direct result of the failure of the defendant to live up to the representations which he made concerning the article sold, if properly proven, could doubtless be recovered in this action.

Plaintiff, on several occasions, caused repairs and adjustments to be made to the burner or to the furnace in which it was placed. These workmen were selected, employed and paid by the plaintiff; they were his servants, and not those of the defendant. The occasion complained of in October, when large volumes of smoke and soot filled the living and dining rooms of the plaintiff, was after two of these men had completed their work. If this incident was due to anything done by these workmen, the defendant would not be liable for the resulting damage. The defendant cannot be held liable for any consequential damages if a third party was responsible therefor. Nor can the plaintiff recover damages due wholly or in part to his own carelessness or neglect, or that of his agents or servants. (*Razey* v. *Colt Co.*, 106 App. Div. 103.)

In event that a question of fact is raised on another trial, the jury should be fully and carefully instructed upon this phase of the case.

We have no doubt that these matters and other errors which crept into the record will be corrected upon a new trial, to the end that any judgment which may result will stand upon a firm and unassailable basis.

For the reasons above stated, the judgment should be reversed and a new trial granted.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment reversed on the law and the facts and a new trial granted, with costs to the appellant to abide the event.