EDWARD ALDOCK, Plaintiff, *v.* STANLEY WNUK et al., Defendants.

Supreme Court, Special Term, Nassau County, June 22, 1950.

*Edward Hendrickson* for defendants.

*Herman J. Herbert, Jr.,* and *William Beasley, Jr.,* for plaintiff.

HOOLEY, J. Motion for an order pursuant to rule 106 of the Rules of Civil Practice dismissing the first and second causes of action upon the ground that the complaint, as to each cause of action, fails to state facts sufficient to constitute a cause of action.

The first cause of action is apparently based on a breach of warranty of merchantable quality and the second cause of action is apparently based on a breach of an implied warranty of fitness for a particular purpose.

The plaintiff is a carpenter. The defendants operate a retail hardware store. The first cause of action alleges that plaintiff purchased from defendants a certain carpenter's claw hammer on or about June 13, 1949, bearing the words "Fayett R. Plumb" and inscribed further with the words "Autograf Tools"; that defendants represented to plaintiff that the hammer was of merchantable quality; that at the time of the sale the hammer was not merchantable; that thereafter and on or about July 14th, while using the hammer, a chip from the hammer was precipitated into plaintiff's eye causing loss of sight in the right eye and diminution of vision in the left eye; that defendants have been given due notice of the breach of warranty; and a prayer for damages.

The second cause of action realleges many of the paragraphs of the first cause of action as to personal injury and damage and pleads that defendants had knowledge of the purpose for

which the hammer was purchased and that they warranted impliedly that the hammer was fit for that purpose.

The basis of the motion as to the first cause of action is that in an action for breach of such a warranty, there can be no recovery for personal injuries and that the measure of damages is the difference between the value of the hammer at the time of delivery to the buyer and the value it would have had if it had answered to the warranty.

There seems to be a dearth of authorities on the question as to whether there may be a recovery for personal injuries for breach of an implied warranty in connection with the sale of a chattel.

The moving party relies strongly upon the case of *Birdsinger* v. *McCormick Harvesting Mach. Co.* (183 N. Y. 487) which was decided before section 96 of the Personal Property Law was enacted. However, it is unnecessary for the court to decide what effect, if any, the latter section had on the holding in said case. In any event, it would seem that the warranty in that case was narrow and the ruling would not necessarily preclude a recovery herein. There the defendant warranted the machine " to do good work, to be well made, of good materials, and to be durable if used with proper care." Plaintiff was injured through the breaking of a defective part. No recovery was allowed in said action for breach of warranty, the court holding that the contract of sale was specific in excluding any other warranty than the one expressed.

Subdivision 2 of section 96 of the Personal Property Law provides: " Where the goods are bought by description from a seller who deals in goods of that description (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be of merchantable quality ".

The plaintiff has alleged herein that the hammer was so bought and that it was not of merchantable quality.

Section 150 of the Personal Property Law sets forth the remedies for breach of warranty. Subdivisions 6 and 7 thereof read as follows:

" 6. The measure of damages for breach of warranty is the loss directly and naturally resulting, in the ordinary course of events, from the breach of warranty.

" 7. In the case of breach of warranty of quality, such loss, in the absence of special circumstances showing proximate damage of greater amount, is the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty."

It is to be noted from the foregoing subdivisions, which are the only subdivisions of section 150 aforesaid which could possibly apply in the case at bar, that no reference is made to recovery for personal injuries. Yet, in innumerable food cases arising under that section, recoveries for personal injuries have been allowed where the action was for breach of warranty. One example is *Ryan* v. *Progressive Grocery Stores* (255 N. Y. 388). There, Judge CARDOZO said at page 395: " The argument is made that the only damage to be recovered for the breach of the warranty of merchantable quality is the price of the bread, the difference between the value of a good loaf and a bad one. The rule is not so stubborn. Undoubtedly, the difference in value supplies the ordinary measure (Pers. Prop. Law, § 150, subds. 6, and 7; § 151). The measure is more liberal where special circumstances are present with proof of special damages (§ 150, subd. 7; § 151)." There is nothing in the Personal Property Law which makes a distinction as to damages between sales of food and other sales.

The first cause of action set forth in the complaint states a cause of action for breach of warranty of merchantability. The measure of damages is for the trial court depending upon the facts proven. The complaint may state a cause of action even if it indicates a wrong theory as to the amount of damages. The general rule is that the measure of damages in a case such as this is the loss directly and naturally resulting in the ordinary course of events from the breach of warranty (Personal Property Law, § 150, subd. 6).

In this type of case, generally in the absence of special circumstances, the measure of damages is the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty. But if special circumstances showing proximate damage of a greater amount are proved, plaintiff may recover therefor (Personal Property Law, § 150, subd. 7). That depends on the evidence in each case. Accordingly, the motion to dismiss the first cause of action is denied.

As to the second cause of action for an implied breach of warranty of fitness for a particular purpose, subdivision 4 of section 96 of the Personal Property Law, specifically states: " In the case of a contract to sell or a sale of a specified article under its patent or other trade name, there is no implied warranty as to its fitness for any particular purpose."

Clearly, there was a sale herein of a specified article under its trade name.

In *Ellen* v. *Heacock* (247 App. Div. 476, 478) the court said in part: '' The subject of the sale was a ' Delco Oil Burner,' a specified article sold under its patent or other trade name. Under such circumstances there can be no implied warranty as to its fitness for any particular purpose (Pers. Prop. Law, § 96, subd. 4; *Bareham & McFarland, Inc.* v. *Kane,* 228 App. Div. 396, 402; *Empire Cream Separator Co.* v. *Quinn,* 184 id. 302; *Sure Seal Co.* v. *Loeber,* 171 id. 225, 227).''

It follows that the motion to dismiss the second cause of action is granted.

Settle order on notice. No costs.