DELO AUTO SUPPLY, INC., Plaintiff, *v.* JOHN B. TOBIN, Defendant.

Municipal Court of the City of Syracuse, August 10, 1950.

*Daniel C. Jaquint* for plaintiff.

*Max Osofsky* for defendant.

SKERRITT, J. The plaintiff, an auto parts distributor, has brought this action to recover the purchase price of a clutch disc lining sold to defendant for use in a Mack truck. The defense is an alleged breach of an implied warranty of fitness, with a counterclaim for damages. The parties regard this as a test case in the auto parts business.

From the evidence I find the facts to be as follows: Plaintiff is a large distributor of parts and equipment for automobiles and trucks. Defendant is engaged in the trucking business and operates a number of Mack trucks. The clutch disc lining having worn out in one of these trucks, defendant dismantled the truck, sent the clutch assembly to the plaintiff for a new disc lining, with full information as to the make, model and type of truck, and left the clutch assembly with the plaintiff two or three days while plaintiff's employee put in a new disc lining. Defendant then installed this mechanism and reassembled the truck in a proper manner, but the truck could not be operated because the new disc lining was too thin. Plaintiff was at once informed of the difficulty, but refused to furnish a thicker or different disc lining because the one supplied was in accordance with the catalogue specifications in a standard catalogue widely used by auto parts distributors. So defendant again dismantled the truck and sent the clutch assembly to another dealer, who installed a thicker disc lining which worked properly.

From the evidence it further appears: That the plaintiff seller had special knowledge of the article sold, the manner in which it should be installed in the clutch assembly, and the particular purpose for which it was intended. That the defendant buyer justifiably relied on the seller's judgment and skill in furnishing and installing said article. That the seller knew this at the time of the sale. That said article was not fit for such purpose. And that the seller, though acting in good faith and with reasonable care, made a mistake in furnishing the thin disc lining for this used truck, and another mistake in failing to correct it when advised of the difficulty. That as a natural and direct result of said mistakes the buyer had to disassemble the truck a second time, discard the worthless lining furnished by the plaintiff, take the clutch assembly to another dealer, and again reassemble the truck; with resulting damages for labor and loss of use amounting to $60, apart from the price paid for the second installation.

Under these facts I hold as follows: In this oral contract of sale there was an implied warranty by the plaintiff seller

that the article was fit for the purpose intended. There was a breach of this warranty, with damages as aforesaid. Said damages resulted naturally and directly from the breach in the ordinary course of events, and were within the contemplation of the parties. The seller's good faith and reasonable care are no defense. The seller, therefore, cannot recover for the article sold, and is liable to the buyer for damages for breach of warranty.

The following authorities may be noted: Personal Property Law, §§ 151, 150, subd. 1, par. [b]; subd. 6; § 96, subd. 1; 1 Williston on Sales [rev. ed.], §§ 227, 234–235, pp. 582, 603–608, and cases cited therein; *Hoisting Engine Sales Co.* v. *Hart,* 237 N. Y. 30; *Ellen* v. *Heacock,* 247 App. Div. 476; *Czarnikow-Rionda Co.* v. *Federal Sugar Refining Co.,* 255 N. Y. 33; *Ryan* v. *Progressive Grocery Stores,* 255 N. Y. 388, and *Cramerton Mills, Inc.* v. *Nathan & Cohen Co.,* 231 App. Div. 28.

In the case of *Hoisting Engine Sales Co.* v. *Hart (supra)* where the owner of a hoisting machine leased it to defendant under a written contract containing no warranty, oral evidence was received as to the lessor's knowledge of the purpose intended, defendant's justified reliance thereon, a resulting implied warranty of fitness for such purpose, the breach, and defendant's damages. In this decision the court points out that an implied warranty of fitness for a particular purpose, with special damages for the breach, may be attached by oral evidence to a written contract as well as to an oral contract.

In the case of *Ellen* v. *Heacock (supra)* where there was no implied warranty because the article was sold under a trade name, the court expressly recognized the principle applied in the instant case. In one of the leading food cases, *Ryan* v. *Progressive Stores (supra)* the court rejected the ordinary rule of damages relative to the value of the article sold, and recognized that special circumstances require a liberal measure of damages, whether the implied warranty is one of fitness or of merchantable quality. In the case of *Czarnikow-Rionda Co.* v. *Federal Sugar Refining Co. (supra)* the court recognized (p. 43) that a seller's " knowledge of special circumstances making probable a special loss " will ordinarily make him liable for that loss. The same principle is followed in the Federal courts. (*Deffenbach* v. *Lansburgh & Bro.,* 150 F. 2d 591, certiorari denied 326 U. S. 772.)

Complaint dismissed. Judgment for defendant on counterclaim against the plaintiff in amount of $60, with interest from April 1, 1949, with costs.