**PABELLON v. GRACE LINE, Inc. (COSTON SUPPLY CO. et al., Third party Defendants).**

**RUDMAN & SCOFIELD, Inc. v. McKESSON & ROBBINS, Inc., et al.**

United States District Court
S. D. New York.

Nov. 28, 1950.

Emanuel Friedman, New York City, for plaintiff.

Mitchell, Capron, Marsh, Angulo & Cooney, New York City, for third party defendant, Coston Supply Co.

Mathews, Hampton & Mahoney, New York City, for third party defendant, Durkee Company, Inc.

Davies, Hardy, Schneck & Soons, New York City, for third party defendant, Oakite Co.

Kirlin, Campbell, Hickox & Keating, New York City, for defendant and third party plaintiff, Grace Line, Inc.

John W. Trapp, New York City, for third party defendant, Dearborn Chemical Co.

White & Case, New York City, for third party defendant Swift & Co.

Tashof & Sobler, New York City, for third party defendant, Rudman & Scofield, Inc.

CONGER, District Judge.

Certain third party defendants move to dismiss the amended third party complaint upon the ground that the pleading fails to state a claim upon which relief may be granted. The defendant and third party plaintiff moves to dismiss the complaint on the same ground.

The facts are fairly simple. The plaintiff, a seaman employed aboard the defendant's vessel, the S. S. Santa Isabel, was allegedly injured as a result of "a violent and explosive disintegration of some of the appurtenances and appliances upon which, and with which, plaintiff was then and there working * * *." An examination of the plaintiff elicited that the explosion had occurred after he had mixed together a quantity of caustic soda or lye, sold under the name of "Dearborn Cleaner No. 7", used for cleaning drains, "Pride" washing powder, a quantity of oxalic acid, and a quantity of cleanser under the brand name of "Oakite". The complaint alleges that the injuries were caused by reason of the negligence of the defendant in the circumstances set forth in the complaint.

The defendant filed a third party complaint impleading the third party defendants and stating three claims for relief. The first claim involves breach of warranty and relief is requested against the companies who supplied the products to defendant. The second claim involves negligence and relief is requested against all of the third party defendants. The third claim is one for contribution from joint tort feasors.

I believe it is proper first to dispose of the defendant's motion to dismiss the complaint. The pleading states claims for damages for injuries and for maintenance and cure. In the first claim the plaintiff alleges the unseaworthiness of defendant's vessel and defendant's negligence. Whether liability may be imposed upon defendant depends upon the circumstances under which the explosion occurred such as instruction, custom in mixing certain cleaning products and the like. I, therefore, deny the defendant's motion.

The first claim of the amended third party complaint alleges that the various products were supplied to the defendant, pursuant to contract, and that the third party defendants, each for its own product, "* * * impliedly represented and warranted to the third-party plaintiff that said materials were fit and safe for cleaning purposes, including their use as cleaning agents when mixed together or brought in contact with each other both when in a water solution and when dry during the process of cleaning, well knowing that the same were to be used for that purpose by the third party plaintiff and by its employees, servants and seamen; * * *." [Paragraph "Eleventh"]

It is further alleged that these products were not fit and safe for cleaning purposes but rather were dangerous and liable to explode when said products were mixed together both in water and when dry or were brought in contact with each other.

Upon the basis of this warranty the third party plaintiff seeks indemnity from the third party defendants.

The original third party complaint was dismissed for insufficiency upon motion of Oakite Company by Judge McGohey in a memorandum dated August 17, 1950.

Section 96, subdivision 4 of the New York Personal Property Law reads: "In the case of a contract to sell or a sale of a specified article under its patent or other trade name, there is no implied warranty as to its fitness for any particular purpose."

It is plain that this subdivision renders completely insufficient the first claim of the

amended third party complaint against Coston Supply Company and Oakite Company See, for example, Sure Seal Co. v. Loeber, 171 App.Div. 225, 157 N.Y.S. 327, 1st Dept., 1916; Ellen v. Heacock, 247 App.Div. 476, 286 N.Y.S. 740, 4th Dept., 1936.

The third party plaintiff argues that subdivision 4 is limited by subdivision 1 of the same section which provides for an implied warranty of fitness where the buyer, expressly or otherwise, makes known to the seller the particular purpose for which the goods are required and the buyer relies on the seller's skill and judgment and by subdivision 2 which refers to goods bought by description. The simple answer to this argument is that the amended third party complaint does not remotely suggest any basis for reliance upon these subdivisions. They might have particular application to the Durkee Company, Inc., which apparently sold a product of no brand name to Grace, but of course there is nothing indicative of even probable application.

The motion to dismiss with respect to the first claim of the third party complaint is granted as to Coston Supply Company, Oakite Company and Durkee Company, Inc. Rudman & Scofield, Inc., have not moved.

The second claim of the amended third party complaint alleges that:

" * * * the third party defendants knew or could have easily ascertained and, because of the dangers, should have ascertained, that each of the products when mixed, both when in a water solution and when in dry, was dangerous and liable to explode, was under a duty to warn the third party plaintiff, and the public, and the plaintiff, and all consumers, and users of their products that the aforesaid materials were dangerous and explosive when mixed, both when in a water solution and when dry, and were under a further duty to properly label their products so that said warning would be brought to the attention of any person using said materials, including the plaintiff; * * *." (Paragraph "Twenty-Second")

The primary question here is whether, as the amended third party complaint alleges, there was any duty upon the part of the third party defendants who made and sold the products.

In general, the law is clear that a manufacturer or supplier has no duty in tort to those using his products unless the product is inherently dangerous, Thomas v. Winchester 6 N.Y. 397; Genesee County Patrons Fire Relief Ass'n v. L. Sonneborn Sons, 263 N.Y. 463, 189 N.E. 551, or it is reasonably certain to cause injury if negligently made, MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A. 1916F, 696, or it causes injury when used for its intended purpose, [Restatement of Torts, § 388].

The allegations of the amended third party complaint are devoid of any attempted reliance upon these rules.

I think it is certain that the cleaners and detergents manufactured and supplied by the third party defendants are not inherently dangerous, nor will their use for their intended purpose cause injury. It appears that each product was sufficient in itself and was not intended for mixture with others in order to accomplish its purpose. Were the situation otherwise the manufacturers would be obliged to warn of the dangers inherent in the product or to warn of dangerous effects if the product were mixed with a substance whose admixture is highly probable. Whether their negligent manufacture would cause injury is certainly a moot point on the basis of the amended third party complaint as drawn.

The third party plaintiff places great stress upon Pease v. Sinclair Refining Co., 2 Cir., 1939, 104 F.2d 183, 123 A.L.R. 933, but it is apparent that there the basis of the wrong was mislabeling.

I conclude that the second claim for relief is insufficient and should be dismissed.

This renders unnecessary a consideration of the third claim.

Settle orders in accordance with the foregoing.