MELVIN PINE, Respondent, v. M. E. CONRAN CO., INC., Appellant.— Defendant appeals from an order granting an injunction restraining it from prosecuting pending supplementary proceedings. Order modified on the law by striking out the figures "$250" and by inserting in place thereof the following: "$3,456.84, the full amount of the judgment, including interest and costs, and a further sum of $250, to pay to defendant all damages and costs which may be awarded to it"; and by striking out everything following the words "upon the attorneys for the defendant." As so modified, the order is affirmed, with ten dollars costs and disbursements to appellant. The injunction order granted in this action stays "proceedings upon a judgment for a sum of money" within the purview of section 886 of the Civil Practice Act, and the court was without power to stay the proceedings unless a bond was furnished, as provided in that section. Close, P. J., Johnston, Adel, Lewis and Aldrich, JJ., concur. [See *post*, pp. 822, 909.]

PYRAMID MUSICAL CORPORATION, Respondent, v. FLORAL PARK BANK, Appellant.— In an action to recover from defendant bank the amount paid by it on a check and charged against the plaintiff, judgment of the County Court of Nassau County, in favor of plaintiff reversed on the law with costs, and the complaint dismissed on the law, with costs. Findings of fact implicit in the verdict of the jury are affirmed. Appeal from order dismissed, without costs. Plaintiff sought to stop payment of a check. The stop payment order issued provided, "In the event that the Bank pays this check through inadvertency or oversight, it is expressly understood that it will in no way be held responsible." The notice qualified the bank's common-law liability. It did not become legally liable in the absence of evidence of willful disregard of the notice. (*Gaita* v. *Windsor Bank*, 251 N. Y. 152.) "Willful" means more than a voluntary act. It includes the idea of an act intentionally done with a wrongful purpose or with a design to injure another or one committed through mere wantonness or lawlessness. (*Wass* v. *Stephens*, 128 N. Y. 123; *Matter of Howard*, 110 App. Div. 61.) The evidence fails to establish any willful disregard of the stop payment order. Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN BENEDICT, Appellant.— Judgment of a city magistrate, holding a Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting defendant of the crime of violating section 986 of the Penal Law (book-making), unanimously affirmed. No opinion. Present — Close, P. J., Hagarty, Carswell, Johnston and Lewis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CONSTANCE CALIFRA, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], convicting defendant of the crime of assault in the third degree, unanimously affirmed. No opinion. Present — Close, P. J., Hagarty, Carswell, Johnston and Lewis, JJ.