CORTILLION FABRICS CORP., Respondent, *v.* NATIONAL SAFETY BANK AND TRUST COMPANY OF NEW YORK, Appellant.

Supreme Court, Appellate Term, First Department, November 18, 1948.

*David Samuelsohn, Frederick Katz* and *Isidore Sapir* for appellant.

*Theodore Carsons* for respondent.

EDER, J. On September 25, 1946, the plaintiff opened an account with the defendant bank and at the same time entered into a written agreement with defendant with respect thereto, the pertinent provision of which is as follows: " 3. The bank shall not be liable if for any reason, through inadvertence, negligence or otherwise, it pays checks, notes or other instruments on which payment has been ' stopped ' nor in case of premature payment for any reason, through inadvertence, negligence or otherwise, of ' post-dated ' checks, notes or other instruments."

Such an agreement exempting the bank from liability has been held to be valid and enforcible and the rule has been declared that where payment of a check has been made by the bank in disregard of a stop order, no legal liability attaches to the bank " in the absence of evidence of willful disregard of the notice " (*Gaita* v. *Windsor Bank,* 251 N. Y. 152, 155; *Chase Nat. Bank of City of N. Y.* v. *Battat,* 297 N. Y. 185, 190; *Pyramid Musical Corp.* v. *Floral Park Bank,* 268 App. Div. 783). In the *Pyramid* case (*supra*) the court said: " ' Willful ' means more than a voluntary act. It includes the idea of an act intentionally done with a wrongful purpose or with a design to injure another or one committed through mere wantonness or lawlessness."

In the case at bar the complaint alleges that on or about August 9, 1947, the plaintiff made, executed and delivered its check, drawn on defendant, payable to the order of cash in the sum of $1,000, to one Larry Knohl; that on August 11, 1947, plaintiff notified defendant to stop payment on said check; that defendant acknowledged receipt of the notice on said day, but thereafter, the defendant " *wrongfully* and in violation of, and contrary to the stop-payment notice given the defendant, by the plaintiff as aforesaid, paid said check from plaintiff's moneys on deposit with it."

This action was brought to recover said sum.

The answer, after pleading certain denials, sets up two separate defenses for escape from liability, but only the first defense is deemed necessary for discussion in the determination of this appeal. It alleges the afore-mentioned agreement of September 25, 1946, paragraph " 3 " of which is quoted verbatim (*supra*).

Following the joinder of issue plaintiff moved, under rule 113 of the Rules of Civil Practice, to strike out the answer and for summary judgment, alleging that the agreement should be held not to relieve the defendant of liability, the premise adduced being that it would give defendant a blanket protection from all wrongful acts in that respect and would only encourage the commission of similar wrongful acts.

The defendant, by cross motion, moved for summary judgment under rule 113 and section 476 of the Civil Practice Act, for judgment dismissing the complaint on the merits, one of the grounds being that under the agreement of September 25, 1946, the defendant was relieved of all liability and plaintiff had no meritorious cause of action.

Plaintiff's motion was granted and defendant's cross motion denied, and judgment was entered for plaintiff, and defendant appeals.

I am of the opinion the court below erred and that plaintiff's motion should have been denied and defendant's cross motion granted, as under the ruling in the cases (*supra*), the agreement exempting the bank from liability bars any recovery by plaintiff.

The question which remains, and which prompts this opinion, is whether any triable issue is raised by the allegation in paragraph seventh of the complaint that subsequent to defendant's receipt of the stop-payment notice, the defendant "*wrongfully*", and in violation of, and contrary to said notice, paid the check from plaintiff's moneys on deposit with it.

Under the cases (*supra*) if the payment was made by the defendant in "*willful* disregard of the notice", the agreement does not absolve the defendant from liability.

It becomes necessary, therefore, to construe the term "wrongfully" as alleged in the complaint. If it is synonymous with "willfully", it is my view that a triable issue would then be presented as to whether or not the payment of the check was willful, and intentionally done with a wrongful purpose. (*Pyramid* case, *supra*).

"Wrongfully", standing alone, does not ordinarily convey the impression that a "willful" act is intended to be charged (*Mensinger* v. *O'Hara,* 189 Ill. App. 48, 50). The complaint contains no specific averment, charging, in terms, that the defendant's act was *willfully* committed. As I read the complaint, the gravamen of the defendant's shortcoming is not wrongdoing, but neglect, and "wrongfully", as there thus used, may be regarded as synonymous for "negligently" (*Wells* v. *Sibley,* 56 Hun. 644, opinion in 9 N. Y. S. 343, 345).

Thus construed, the complaint charges the defendant's act in paying the check, after the stop-payment notice was received, was an act of negligence, and under the terms of the agreement, quoted (*supra*), the defendant was exempted from liability therefor.

The judgment and order granting plaintiff's motion for summary judgment should be reversed and the motion denied, and the order denying defendant's cross motion for summary judgment should be reversed and the motion granted and the complaint dismissed, with $30 costs to the appellant, and with appropriate costs in the court below.

PECORA and HECHT, JJ., concur.

Judgment and orders reversed, etc.