PETER ZAPRYLUK, Respondent, v. PHILLIPPINE MILAU, as Administratrix of the Estate of RUDOLPH MILAU, Deceased, Appellant.—

The judgment was entered on October 9, 1931. There is no denial of the allegation in the affidavits submitted by plaintiff that there was an agreement, executed by him, whereby he was to pay $200 and transfer back to defendant's husband an interest in the partnership of which the deceased was a member, in consideration for a satisfaction and discharge of the judgment entered on the confession of the plaintiff. Neither is there any denial of the allegation that no proceeding was commenced to enforce payment of the judgment until November, 1950, after the death of the defendant's husband, which occurred in 1939. To avoid multiplicity of proceedings, the plaintiff could apply for a declaration of the rights of the parties when the defendant asserted the judgment had not been paid by instituting the proceedings to obtain payment. The right to seek a declaratory judgment arose when defendant asserted the right to enforce the judgment. Therefore, the Statute of Limitations is no defense. Neither does the former judgment preclude the maintenance of this action. There the plaintiff sought to cancel the confession of judgment and the judgment on the ground that they resulted from fraud on the part of the deceased. Here the judgment and confession are not attacked. Plaintiff relies on an agreement made after the entry of the judgment. The provision for security, however, should not have been deleted. (Civ. Prac. Act, § 886; *Pine* v. *Conran Co.*, 268 App. Div. 783.) Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.