■ WINDSOR DINER, INC., Respondent, v. HARRY DALLES, Individually and as President of Cooks, Countermen, Soda Dispensers, Food Checkers, Cashiers and Assistants Union, A. F. of L., Local No. 325, et al., Appellants.— In an action for an injunction and for other relief, the appeal is from an order restraining appellants, during the pendency of the action, from picketing respondent's place of business and from otherwise interfering with its business. Order affirmed, with $50 costs and disbursements. No opinion. Wenzel, Acting P. J., Ughetta, Hallinan and Kleinfeld, JJ., concur. Beldock, J., dissents and votes to reverse the order and to remit the application to Special Term for further proceedings as indicated herein, with the following memorandum: On April 18, 1956 respondent, not yet having opened its place of business and having no employees (or perhaps one or two), although knowing that it required approximately 15 employees to run its business, entered into a closed-shop contract with U. S. E. Local 377, C.I.O. Appellant Local 325 began to picket respondent's place of business claiming that the contract of April 18, 1956 with Local 377 was illegal in that respondent's employees had not freely selected Local 377 to be their collective bargaining representative, but that, on the contrary, said employees were coerced by respondent to join Local 377 as a condition of employment. Before an injunction may issue against picketing by Local 325, the validity of the contract of April 18, 1956 must first be determined. Such a determination should be made only after a hearing and not on the affidavits. [See *post*, p. 813.]

## (July 3, 1956)

■ WILLIAM G. SHIPMAN et al., Respondents, v. CHARLES H. BENNETT et al., Appellants.— In an action to vacate a judgment in the sum of $7,025.25, entered upon a confession of judgment, and to recover moneys allegedly obtained by fraud, the appeal is from an order staying proceedings on the judgment pending the trial of the action and the entry of a judgment thereon, conditioned on the filing by respondents of a surety company bond in the sum of $2,000 to secure the payment of the said judgment and interest and costs that may be awarded to the judgment creditor and on the further condition that, on or before September 1, 1956 the respondents file a further surety company bond in the sum of $5,275.25 as further security for the payment of said judgment. Appellants move to vacate the stay and injunction or, in the alternative, to stay such injunction pending the hearing and determination of the appeal from the order. Motion granted, with $10 costs, to the extent of staying the injunction provisions of the order unless, within five days after the service of a copy of the order entered hereon, the respondents file a surety company bond in the sum of $5,275.25 as further security for the payment of the judgment, in addition to the $2,000 surety company bond heretofore filed. The order did not comply with section 886 of the Civil Practice Act and was improperly granted (*Pine* v. *Conran Co.*, 268 App. Div. 783; *Zapryluk* v. *Milau*, 279 App. Div. 756). Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ.

■ In the Matter of NICHOLAS FERRARO, Respondent, against JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, et al., Respondents. AMELIA M. KUHLWILM, Appellant.— Order affirmed, without costs. No opinion. Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur; Nolan, P. J., not voting.