John W. Rehfuss, J.
This motion is brought by defendant for summary judgment in its favor and against plaintiff. The complaint sets forth causes of action in breach of contract and negligence, to which defendant has interposed a general denial.
Plaintiff, as a depositor of defendant bank, on October 17, 1959, issued a check for $140 to one Thomas Matson. On October 17, 1959, plaintiff instructed defendant to “ Stop payment ” on the check. Two days later, plaintiff signed a stop-payment order, supplied by the bank, but on October 23, 1959, defendant paid the full amount of the check and deducted it from plaintiff’s account.
Defendant relies upon the following clause in the stop-payment order: ‘ ‘ and should you pay this item through inadvertency or oversight, it is expressly understood that you will in no way be held responsible.” Defendant contends its motion should be granted because this wording is identical to that passed upon by the Court of Appeals in Gaita v. Windsor Bank (251 N. Y. 152).
Subdivision 2 of rule 113 of the Rules of Civil Practice requires a motion for summary judgment be denied, if any party show facts sufficient to require a trial of any issue of fact.
The case of Gaita v. Windsor Bank (supra) cited by defendant, has been carefully examined. The wording of the stop-payment order involved therein is substantially the same as in the case before this court. However, there was a trial of the issues in the Gaita case and the Court of Appeals granted a new trial, thus indicating there were triable issues. (See, also, Pyramid Musical Corp. v. Floral Park Bank, 268 App. Div. 783.)
While the decision in the Gaita case is authority for a bank limiting its common-law liability by agreement with a depositor, such agreement must be strictly construed. (Montano v. Springfield Gardens Nat. Bank, 207 Misc. 840, 843.) By using the language set forth in its stop-payment order, defendant relieved itself from payment due to ‘‘ inadvertency ’’ or “ oversight,” but not1 ‘ negligence. ’ ’
In the instant case, there is also a cause of action in negligence. While proof of actionable negligence may be difficult, plaintiff should be permitted a trial thereon.
The stop-payment order provided by defendant does not contain a clause as broad and as binding on plaintiff as is found in the case of Cortillion Fabrics Corp. v. National Safety Bank & Trust Co. (193 Misc. 741, revd. 275 App. Div. 85). There the *73 agreement between the parties specifically relieved the bank of negligence, but the Appellate Division denied summary judgment, on the grounds there was a triable issue.
Defendant’s motion is denied, with $10 costs to plaintiff.