**GRAFE–WEEKS CORPORATION,**
Plaintiff,

v.

**AIR PRODUCTS, INCORPORATED,**
Defendant.

Civ. A. No. 62–669.

United States District Court
W. D. Pennsylvania.

Jan. 10, 1963.

Joseph F. Weis, Jr., of Weis & Weis, Pittsburgh, Pa., for plaintiff.

Philip R. McLaughlin, Campbell, Thomas & Burke, Pittsburgh, Pa., for defendant.

ROSENBERG, District Judge.

The claim in this action is made upon a written contract dated July 12, 1960, between defendant as owner and Grafe Callahan Construction Company, as contractor. With the written consent of the defendant, Grafe Callahan assigned all right, title and interest to the plaintiff, Grafe-Weeks Corporation, which also assumed all obligations of the original contractor.

The complaint was served on the defendant on August 22, 1962, and on October 1, 1962, defendant filed a motion to dismiss the complaint and to strike a portion of the complaint. Defendant bases its motion to dismiss upon the alleged failure of the plaintiff to state a claim upon which relief can be granted.

We start with the principle of Rule 8(f), Federal Rules of Civil Procedure, Construction of Pleadings, "All pleadings shall be so construed as to do substantial justice." I am mindful that a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which would be proved in support of its claim. Richland Co. v. Harper, 5 Cir., 302 F.2d 324 (1962); Bowdoin v. Malone, 5 Cir., 284 F.2d 95 (1960).

In Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), the Court speaks as follows: " * * * the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

Barron & Holtzoff in Section 362, at page 414 states: "If the complaint is sufficient to comply with Rule 8 and to enable the defendant to prepare his respective pleading, any further particulars which he may need in order to prepare for trial should be obtained by depositions, interrogatories and other discovery procedure."

Viewed then in the light of the law, this complaint sets forth a short and plain statement of the claim which gives the defendant fair notice and grounds upon which it rests its claim. Defendant's brief reveals its awareness of plaintiff's claim and the cause of action, and defendant's contentions raised in its argument are defenses which should be pleaded in an answer. Mellon National Bank & Trust Company et al. v. Nationwide Mutual Insurance Company et al., D.C., 32 F.R.D. 365 (1962).

Federal rules provide the procedure by which the defendant may procure, by discovery, such information as it seeks by its present motion, which should be done after the defendant raises its affirmative defenses in an answer. It is unnecessary to detail all of these points here, but primarily the contentions of the defendant (as set out in its brief) are matters which should be properly pleaded. So far as it relates to the complaint's insufficiency, defendant's motion will be denied.

That part of the complaint contained in paragraph 15, which avers that plaintiff's "mechanical subcontractor, Fleet Universal Corporation, is claiming additional costs amounting to $69,866.-23", as reimbursement from the plaintiff as a result of the interference conduct by the defendant, is totally unconnected with any right by the plaintiff to receive payment from the defendant contractually. It is based upon wrongful action by the defendant and while the plaintiff may eventually be compelled to pay this sum, it may also never pay it. Unless the plaintiff has suffered a loss thereby, it has no actionable interest or rights. A threat of possible loss, as averred here, cannot be interpreted to be a conversion into injury suffered and an actionable right to damages. The real party plaintiff appears to be Fleet Universal, not this plaintiff.

Federal Civil Procedure Rule 17(a) provides that: "[e]very action shall be prosecuted in the name of the real party in interest." Paragraph 15 shows no compliance. Accordingly, paragraph 15 as it relates to the threatened claim of Fleet Universal will be stricken.