**ASPHALTIC ENTERPRISES, INC.**

**v.**

**BALDWIN–LIMA–HAMILTON CORPORATION.**

**Civ. A. No. 38405.**

United States District Court
E. D. Pennsylvania.
March 11, 1966.

Lewis P. Mitrano, Philadelphia, Pa., for plaintiff.

Richard P. Brown, Jr., Philadelphia, Pa., for defendant.

JOHN W. LORD, Jr., District Judge.

This is an action for damages for breach of warranty. The jurisdiction of this Court is properly set forth, both with respect to diversity of the parties and the requisite amount in controversy. The matter is now before this Court on the defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b) (6).

The relevant facts are these. In November of 1961 the plaintiff, a New York corporation, and the defendant, a Pennsylvania corporation, contracted for the purchase of a machine for manufacturing asphalt. The machine cost $120,000.00. Plaintiff, the purchaser, asserts that he has performed all of his obligations under the contract, including full payment, but that to this day the machine has not produced any merchantable asphalt. He therefore alleges that the defendant has breached his express warranty that the machine was free from defective workmanship and materials, and claims damages in the amount of $786,920.86. This includes monies expended in attempts to make the machine functional, business lost as a result of not being able to market any asphalt, and a loss of good will.

Under the terms of the contract the parties agreed to be bound by the law of New York as of the date of entering the contract. Inasmuch as New York did not adopt the Uniform Commercial Code provisions with respect to the sale of goods until 1964, this matter will be de-cided under the New York law prior thereto.

In support of his motion to dismiss the defendant calls the Court's attention to the disclaimer clause contained in the contract, asserting that its natural effect is to deny to plaintiff the relief he now seeks. The clause or clauses read as follows:

"4. * * * No promises, agreements, representations or warranties, express or implied by law, shall be binding on Seller unless the same shall have been made a part of this contract in writing. This contract constitutes the entire contract between the parties and no modifications or alterations of this contract shall be binding upon Seller unless in writing and signed by an authorized official of the Seller.

"5. Seller shall under no circumstances be liable for any expense, indirect or consequential damages in connection with the sale or use of the property or otherwise. Buyer waives any right to damages for breach of warranty in the event of rescission by it. *Seller warrants that the property covered hereby* (except engines, tires, rims, electrical apparatus, and any other trade accessory not manufactured by Seller) *is free from defective workmanship and material provided that any claim arising from defective workmanship and materials must be presented to Seller within six (6) months from the date hereof and upon presentation thereof Seller is obligated only to replace at its factory such parts as may appear to Seller, upon inspection by Seller, to have been defective in workmanship or material.* Seller makes no other warranty, express or implied." (p. 8 of the contract) [Emphasis added].

As will readily be seen, the clauses are quite broad. Clause 4 commences with a statement that the contract constitutes

the entire agreement between the parties, and that no alterations or modifications shall be binding unless in writing and signed by a duly authorized representative of the seller. Clause 5 goes on to relieve the defendant from any consequential damages—those which form the basis of plaintiff's prayer for relief—and expressly repudiates any and all other warranties.

Were it called upon to do so, this Court would have difficulty in deciding that plaintiff is entitled to the relief it now seeks, in view of the above clauses.

■  There is no doubt that in a proper case one can recover consequential damages for breach of warranty of quality. 5 Williston, Contracts § 1393 (Rev. Ed.1937). A "proper case" is deemed to be one where such damages were "within the contemplation of the parties," and where this requirement is satisfied any and all damages which flow from the breach are recoverable. Cf. Associated Spinners v. Massachusetts Textile Co., Sup., 75 N.Y.S.2d 263 (1947); Ellen v. Heacock, 247 App.Div. 476, 286 N.Y.S. 740 (1936); Cramerton Mills Inc. v. Nathan & Cohen Co., Inc., 231 App.Div. 28, 246 N.Y.S. 259 (1930).

■■  However, it is also settled that one may legitimately waive his contractual rights, and that "[A] clause in a contract of sale limiting or excluding the seller's liability for damages is not contrary to public policy." Pipe Welding Supply Co. v. Gas Atmospheres, Inc., 201 F.Supp. 191, 199 (N.D.Ohio 1961).

"Where any right, duty, or liability would arise under a contract to sell or a sale by implication of law, it may be negatived, or varied by express agreement, by the course of dealing between the parties, or by custom  *  *  *." (Pipe Welding Supply Co. v. Gas Atmospheres, Inc., supra, citing § 71, Uniform Sales Act, § 152 New York Personal Property Law, McKinney's Consol. Laws, c. 41).

There can be no question but that plaintiff now seeks consequential damages. In view of the New York law, however, plaintiff would be hard put to avoid the clear import of the disclaimer clauses. However, whether or not plaintiff can secure consequential damages for the alleged breach is not determinative of the issue before this Court.

■  When entertaining a motion under Fed.R.Civ.P. 12(b) (6), the complaint is to be liberally construed, and it is not to be dismissed " *  *  * unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." 2 Moore's Fed.Prac. § 12.08 (2 ed. 1964). Under the terms of the contract now under consideration the plaintiff is given an express warranty with regard to workmanship and materials. The defendant does not deny the enforceability of this provision. His sole argument is that it is the only relief to which plaintiff is entitled, but because it is not demanded in the pleading the complaint must be dismissed. (p. 8 of defendant's brief). This argument is unacceptable. For apart from Fed.R.Civ.P. 54(c) which empowers this Court to award plaintiff whatever relief he may be entitled to, even though it is not demanded in his pleading, it is well established that the prayer for relief does not determine whether the plaintiff has stated a cause of action. Cf. Truth Seeker Co. v. Durning, 147 F.2d 54, 56 (2nd Cir. 1945); Dudley v. Zappa, 24 F.R.D. 427 (S.D.N.Y.1959).

■  In the opinion of this Court, plaintiff has stated all that is necessary to maintain his action for breach of warranty. He has asserted the existence of a contract, that he has fulfilled his obligations under it, that it contained an express warranty, and finally that the defendant breached it. The defendant, on the other hand, does not deny that he breached it; nor does he indicate that he has carried out his responsibility under the contract after so breaching. Specifi-

cally, that pursuant to the underlined provisions of Clause 5, *supra,* he replaced the defective parts or otherwise cured the alleged defects, if any existed. Under these circumstances the defendant's motion for dismissal pursuant to Rule 12(b)(6) must be denied.

One further matter is deserving of attention. In his brief opposing the defendant's motion for dismissal, the plaintiff makes no attempt to assert the contractual grounds necessary for the recovery of consequential damages. He instead relies entirely on the law of damages with respect to negligence actions based on breach of a duty arising from a contractual relationship. The apparent basis for his claim is that the exculpatory clauses contained within the contract, while perhaps sufficient to relieve the defendant of liability for breach of warranty, did not operate to exempt him from liability for negligence. He draws support for his position from Pipe Welding Supply Co. v. Gas Atmospheres, Inc., 201 F.Supp. 191, 199 (N.D.Ohio 1961). The defendant manufacturer there was sued for the negligent design of a carbon dioxide generator which he sold to the plaintiff. After deciding that the exculpatory clause in the contract had released the defendant from liability for breach of warranty, the Court went on to hold that it was not effective as an exemption of liability for negligence. In doing so the Court made it clear, however, that although the responsibility to perform with care arose from the formation of the contract, an action for negligent breach of the duty was a tort, as distinguished from a contract, action.

■ It is noteworthy that the disclaimer clause in that case, although not reprinted in full, appears to be very similar to that which is involved here. Moreover, although *Pipe Welding* is factually inapposite to the case before us, conceptually they are the same. The common proposition is that tort liability with all of recoverable damages can arise from a contractual relationship, even where the

contract contains a disclaimer clause with respect to breach of warranty. The court there held that in order to exempt one from liability for negligence the contractual language must be of "unquestionable clarity." This is in keeping with the New York decisions where one of the parties has attempted to prematurely absolve himself from liability for negligent performance or non-performance of a contract. Cf. Howard v. Handler, et al., 279 App.Div. 72, 107 N.Y.S.2d 749 (1951), aff'd 303 N.Y. 990, 106 N.E.2d 67 (1951); Boll v. Sharp & Dohme, Inc., 281 App.Div. 568, 121 N.Y.S.2d 20 (1953); Montano v. Springfield Gardens National Bank, 207 Misc. 840, 140 N.Y.S.2d 63 (1955); Galante v. Hathaway Bakeries, Inc., 6 A.D.2d 142, 176 N.Y.S.2d 87 (1958). See also 38 Am.Jur. § 20, p. 662.

■ At oral argument the defendant pointed to the absence in plaintiff's complaint of any intimation that he wishes to proceed in trespass, rather than warranty. Certainly this information will be important to the defendant if he is to have the benefit of all of the available defenses, including the statute of limitations. However, all that is required of the plaintiff is that he place the defendant on notice as to the nature of his claim. This he has done. He need not specify his theory of recovery, nor is it necessary that he set forth in detail the facts upon which such theory rests. (Dotschay v. National Mut. Ins. Co., 246 F.2d 221, 223 (5th Cir. 1957); Grafe-Weeks Corp. v. Air Products, Inc., 32 F.R.D. 211 (W.D.Pa.1963); 1A Barron & Holtzoff (Wright ed.), § 276.1). Therefore,

> "The issue is whether the original theory may be discarded and recovery had on some other theory. Here the rules, and the decisions construing them, evince a belief that where a party has a sound claim, he should recover on it regardless of his counsel's failure to perceive the true basis of the claim." 1A Barron & Holtzoff, supra.

As it stands now the defendant has notice of plaintiff's claim. If he requires additional information to establish his defenses, there are extensive pre-trial procedures at his disposal. In any event where—as here—there is at least one ground upon which the plaintiff is entitled to relief, a motion to dismiss under Rule 12(b) (6) will be denied.

And now, to wit, this 11th day of March, A.D. 1966, for all of the above reasons, it is ordered that the defendant's motion to dismiss be and the same is hereby denied.