**Arnold LEAS, Plaintiff,**

v.

**GENERAL MOTORS CORP., a foreign corporation, Chevrolet Motors Division, Defendant.**

**No. 67–C–338.**

United States District Court
E. D. Wisconsin.

Feb. 6, 1968.

Joseph W. Weigel, Milwaukee, Wis., for plaintiff.

Reginald W. Nelson, Milwaukee, Wis., for defendant.

## DECISION ON MOTIONS AND ORDER

REYNOLDS, District Judge.

This case is an action for damages for injuries sustained when the car in which the plaintiff was riding and which he owned crashed into a bridge abutment on Interstate 94 in Lake County, Illinois. Plaintiff alleges that defects in the car caused the crash and suggests various distinguishable legal theories on which the liability of defendant, the General Motors Corporation, might be predicated.

The defendant has filed two motions. The first is to require the plaintiff to make his complaint more definite under Rule 12(e), and the second is to strike one of plaintiff's asserted "causes of action" as being redundant under Rule 12 (f) of the Federal Rules of Civil Procedure. These two motions will be discussed in turn.

## DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT

Rule 12(e) of the Federal Rules of Civil Procedure reads in part as follows:

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. * * *"

I have read the complaint in this action, and it is completely clear to me that this complaint is not "so vague or ambiguous that [defendant] * * * cannot reasonably be required to frame [an answer] * * *." Indeed, this complaint is a good deal more precise, more specific, and freer of ambiguity than most that cross my desk; and certainly, it is as "definite" as could ever reasonably be expected at this very early stage of the proceedings.*

The defendant's main attack on plaintiff's complaint and the chief source of its concern seems to be that it does not specify "any part or parts of the automobile" that were defective, or improperly constructed, or improperly designed, or improperly installed. As many cases clearly establish, all that is required of plaintiff's complaint is that it place defendant on notice as to the

---

* By way of comparison, counsel at their convenience might consult Form 9 in the Appendix of Forms to the Federal Rules of Civil Procedure.

nature of plaintiff's claims. Asphaltic Enterprises, Inc. v. Baldwin-Lima-Hamilton Corp., D.C., 39 F.R.D. 574 (1966). The plaintiff need not spell out in profuse detail the facts upon which such recovery rests. The function of that piece of paper, known as a complaint, is only to afford fair notice to the adversary of the nature of the basis of plaintiff's claim and a general indication of the type of litigation involved. The pleadings are not intended to supply the parties with information that is available to them through the very broad, liberal discovery devices established by the Federal Rules.

Under these principles, it is clear that plaintiff's complaint is sufficiently definite and perfectly adequate. Accordingly, defendant's motion for a more definite statement must be denied.

## DEFENDANT'S MOTION TO STRIKE A "CAUSE OF ACTION" FOR REDUNDANCY

■ Rule 12(f) of the Federal Rules of Civil Procedure provides, in relevant part, that "Upon motion made by a party before responding to a pleading * * * the court may order stricken from any pleading * * * any redundant, immaterial, impertinent, or scandalous matter." Defendant here contends that plaintiff's "first cause of action" is substantially identical to his "second cause of action," that these two portions of the complaint are redundant, and that one of them should be stricken. In reply, plaintiff claims to assert *four* distinguishable theories of liability, not three theories, and maintains that these theories are properly pled separately. Predictably, defendant disputes this contention.

In the view of this court, whether there are three or four supportable theories of liability is not a question which should concern us at this early stage of the proceedings. If a serious question does exist as to the legal sufficiency of one of the "causes of action," this question is properly resolved far later in the proceedings *after* parties have had ample time for discovery. To act otherwise would tend to defeat the purpose of the Federal Rules of Civil Procedure which is, according to Rule 1, "to secure the just, speedy, and inexpensive determination of every action." For this reason, the rule is as stated in Tivoli Realty, Inc. v. Paramount Pictures, Inc., D.C., 80 F.Supp. 800, at 803 (1948):

> "[Courts have not] * * * been willing to determine disputed and substantial questions of law or the legal consequences of pleadings upon a motion to strike."

■ In any event, motions to strike for redundancy ought not be granted in the absence of a clear showing of prejudice to the movant. Professor Moore, in Volume 2A of his treatise on Federal Practice, § 12.21(2), writes:

> "Motions to strike alleged redundant, immaterial, impertinent or scandalous matter are not favored. Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied. Even if the allegations are redundant or immaterial, they need not be stricken if their presence in the pleading cannot prejudice the adverse party. * * * * "

■ It is clear to this court that the mere presence in the complaint of an allegedly redundant cause of action (and it is not held that it is redundant) does not and cannot hurt the defendant. The plaintiff's complaint is perfectly adequate. Thus, defendant's motion to strike a portion of plaintiff's complaint must be denied.

For the foregoing reasons,

It is ordered that defendant's motion to require plaintiff to make his complaint more definite be and it hereby is denied.

It is further ordered that defendant's motion to strike a "cause of action" in plaintiff's complaint for redundancy be and it hereby is denied.