**G. C. S., INC., a Pennsylvania corporation, Plaintiff,**

v.

**DAVID W. MURRAY COMPANY, an Ohio corporation, Defendant.**

**Civ. A. No. 68–146.**

United States District Court
W. D. Pennsylvania.

Aug. 7, 1968.

Thomas J. Schuchert, Pittsburgh, Pa., for plaintiff.

E. D. Familo, Cleveland, Ohio, Strasburger & McKenna, Pittsburgh, Pa., for defendant.

## MEMORANDUM

ROSENBERG, District Judge.

The defendant, David W. Murray Company, has here filed a "Motion For More Definite Statement". It complains that the plaintiff, G.S.C., Inc., has filed a complaint which is a "rambling narration" and that it, with the amended complaint and answer to this motion, is ambiguous, inconsistent, uninformative, factually unintelligible, and it is impossible to make answer thereto, particularly as relates to affirmative defenses.

As one examines these pleadings it is apparent that they are overlong, and while this appears to be the result of the plaintiff's desire to include abundant information, the information as presented leaves a great deal to inquiry and questioning. For instance, it appears that the action is based upon oral representations, together with written communications, but nowhere is there any statement that the contract or contracts which induced the plaintiff to act and to be injured thereby might have been both oral and written.

While these pleadings may not be the very best examples of what pleadings should be, they nevertheless do present a claim in accordance with Federal Rule of Civil Procedure 8, which provides as follows:

"(a) Claims for Relief. A pleading which sets forth a claim for relief * * * shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.

* * * * * *

(e) Pleading to be Concise and Direct; Consistency.

(1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required."

All the plaintiff need to do is to present sufficient facts to indicate that he has a claim. Schaedler v. Reading Eagle Publications, Inc., 370 F.2d 795, C.A.3, 1967; East Crossroads Center, Inc. v. Mellon-Stuart Co., 245 F.Supp. 191 (W.D.Pa. 1965); Lobianco v. Valley Forge Military Academy, 224 F.Supp. 395 (D.C. Pa.1963), aff'd. 331 F.2d 851, C.A.3; Asphaltic Enterprises, Inc. v. Baldwin-Lima-Hamilton Corp., 39 F.R.D. 574 (D.C.Pa.1966); Grafe-Weeks Corp. v. Air Products, Inc., 32 F.R.D. 211 (W.D. Pa.1963). There is no motion here to strike because the complaint is not a "short and plain statement of the grounds upon which the court's jurisdiction depends." The defendant's motion seeks to add more to what is already of record.

The defendant would have the plaintiff provide additional facts in line with what would have been more easily answerable by the defendant or which might have made it easier for availing of affirmative defenses. But the complaint as set forth will not deprive the defendant of such rights as of a proper time if it cannot avail itself at the present time. While the complaint may require more voluminous and even less

satisfying averments in the answer, the defendant can answer the complaint on the information presented by the plaintiff. It may be that the defendant will be required to expend more energy and time on discovery and motions, but this will be in accordance with the Federal Rules of Civil Procedure which assure the defendant all the rights to which it would be entitled, as if the pleadings were more specific and definite and to the liking of the defendant. Since the defendant's motion, if granted, could aggravate the existing state of the record, it is better not granted. Under the circumstances, the motion for a more definite statement will be denied.